**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHARON GOETZ, on behalf of the Cornerstone Pediatric Profit Sharing Plan and as representative of a class of all other similarly situated individual account retirement plans, <br><br>          Plaintiff, <br><br> vs. <br><br> VOYA FINANCIAL, INC. and VOYA RETIREMENT INSURANCE AND ANNUITY COMPANY <br><br>          Defendants. | C.A. No.:  17-cv-01289 (GMS) <br><br> **AMENDED COMPLAINT – CLASS ACTION** |

Plaintiff Sharon Goetz brings this action as representative of and on behalf of the Cornerstone Pediatric Profit Sharing Plan (the "Cornerstone Plan") and all other similarly situated individual account plans as defined in 29 U.S.C. § 1002(34) (the "Plans") against Defendants VOYA Financial, Inc. ("VOYA Financial") and its wholly owned subsidiary VOYA Retirement Insurance and Annuity Company ("VOYA Retirement") (collectively  for the reasons stated below "VOYA") for violating and knowingly participating in violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and 29 C.F.R. § 2550.404a-5 promulgated thereunder. Plaintiff, on behalf of the Cornerstone Plan and  the Plans, is seeking to recover losses incurred by the Plans as a result, restitution of the undisclosed excessive and unreasonable asset-based fees charged by VOYA for recordkeeping and administrative services, and to enjoin VOYA from charging those excessive fees in the future or seeking to enforce those terms of its Contracts with the Plans.

**INTRODUCTION**

1.      Plaintiff is a participant in the Cornerstone Plan.  At the end of 2015, the Cornerstone Plan had 19 participants and $2,797,616 in plan assets.

2.      VOYA markets and sells its services as "plug and play" solutions to employers that lack the time for or sophistication in pension plan administration. VOYA determines the investment options, determines "reasonable" fees for its services and undertakes to provide the required disclosures to participants. VOYA knows that employers rely on VOYA as a "plug and play" solution and exploits this reliance to charge unreasonable and grossly disproportionate asset-based fees to the Plans for VOYA's services to unjustly and unreasonably profit at the expense of the Plans and the participants.

3.      As alleged more particularly herein, VOYA is a fiduciary with respect to the Plans under ERISA in VOYA's exercise of discretion to determine investment options, determine "reasonable" fees for its services and provide the required disclosures to participants. VOYA breached its fiduciary duties under ERISA by determining and charging unreasonable fees for its services, which are grossly disproportionate to VOYA's services actually provided and grossly disproportionate to the risk it assumed, and by providing materially and misleading and non-compliant disclosures to participants.

4.      In addition, as a service provider, VOYA is a "party in interest" under 29 U.S.C. § 1102(14)(B). 29 U.S.C. Sections 1106(a) and 1108(b)(2) generally prohibit a "party in interest" from providing services to a qualified retirement plan like the Plans unless the contract or arrangement is reasonable and no more than reasonable compensation is paid by the plan to the party in interest.  If a service contract fails to comply with 29 U.S.C. § 1108(b)(2), including the detailed disclosure requirements of 29 CFR 2550.408b-2(c), the contract for services will

constitute a prohibited transaction under 29 U.S.C. § 1106(a)(1)(C).  Furthermore, if the contract

calls for the payment of an unreasonable fee, adequate disclosure of that fee cannot save the

arrangement from violating the provisions of 29 U.S.C § 1108(b)(2) and violating the prohibited

transaction rules of 29 U.S.C. § 1106(a)(1)(C).

5. As alleged herein, VOYA's services to the Plans are typically recordkeeping

services available at readily available market rates by many service providers. A recent survey

by NEPC, an independent investment consulting firm, found that the median recordkeeping cost

of 113 plans was $64 per plan participant in 2015.[1]  As a result of VOYA's asset-based fees, in

2014 the Cornerstone Plan paid approximately $30,790 for recordkeeping services for a plan that

had only 21 participants at the end of the year, amounting to $1,466 per participant. In 2015,

recordkeeping fees increased to $34,568 for 19 participants amounting to $1,819 per participant.

VOYA's fees are 36 times more than the reasonable amount of compensation that should have

been charged to the Cornerstone Plan for VOYA's services.

6. Here, VOYA, as the Cornerstone Plan recordkeeper, knowingly charged the

Cornerstone Plan an unreasonable asset based fee of between 0.67% and 1.86% of the net assets

invested in various mutual funds offered as investment options by the Cornerstone Plan.

7. Further, VOYA concealed the true amount of its fees and the nature of the

services provided for the fees from the Cornerstone Plan participants and the Plans' participants

by adding VOYA's asset-based fees to the operating expenses of the various mutual fund options

in the participant fee disclosures required by 29 CFR 2550.404a-5 ("Rule 404a-5").  The Rule

404a-5 disclosures prepared and distributed by VOYA included a component for VOYA that

---

[1] https://cdn2.hubspot.net/hubfs/2529352/Blog/2015_10_nepc_2015_defined_contribution_plan_and_fee_survey-_what_a_difference_a_decade_makes_copy1.pdf?t=1495567038751

increased the operating expenses of every mutual fund offered under the Cornerstone Plan by

0.67% to 1.86% of net assets, all of which was retained by VOYA as unjust profit to the

detriment of the Cornerstone Plan and its participants. For example, the Cornerstone Plan Rule

404a-5 disclosures show the net operating expenses of the VOYA Solution Aggressive Portfolio

(Advisor Class) mutual fund as 2.54% of fund assets, whereas the prospectus for that fund filed

with the Securities and Exchange Commission by VOYA shows a net operating expense of

1.39%, a difference of 1.15%.

8.      While the asset based fee for recordkeeping paid by the Cornerstone Plan and the

Plans may seem insignificant, the negative financial impact on the efforts by Plaintiff, the other

Cornerstone Plan participants and the Plans' participants to save for retirement, is significant.  In

defined contribution plans, employees' benefits at retirement "are limited to the value of their

own individual investment accounts, which is determined by the market performance of

employee and employer contributions, less expenses." *Tibble v. Edison Int'l*, 135 S. Ct. 1823,

1825 (2015).

9.      Because retirement savings in defined contribution plans grow and compound

over the course of the employee participants' careers, poor investment performance and

excessive fees can dramatically reduce the amount of benefits available when participants are

ready to retire.  Over time, even small differences in fees and performance compound and can

result in vast differences in the amount of savings available at retirement.  As the Supreme Court

has explained, "[e]xpenses, such as management or administrative fees, can sometimes

significantly reduce the value of an account in a defined-contribution plan." *Tibble*, 135 S. Ct. at

1825.

10.     The impact of excessive fees on employees' and retirees' retirement assets is

dramatic. The U.S. Department of Labor has noted that a 1% higher level of fees over a 35-year period makes a 28% difference in retirement assets at the end of a participant's career. U.S. Dep't of Labor, A Look at 401(k) Plan Fees, at 1–2 (Aug. 2013).[2]

11.     As alleged herein, VOYA markets and sells its services to the Plans as a "plug and play" solution package to exploit the extensive reliance by busy employers on VOYA's solution. VOYA holds itself out as a leading provider of retirement products and services in the U.S., serving more than 47,000 institutional clients and nearly 4.5 million individual retirement plan investors.[3]  VOYA had $135 billion in total retirement assets under management and administration as of September 30, 2017.[4]  Based on the asset based fees charged to the Cornerstone Plan, VOYA potentially earns over $1 billion a year in excessive compensation at the expense of the Plans and their participants.  These excessive fees violate a fundamental principle of ERISA: that no contract for services can charge any more than reasonable compensation in relation to the services being provided.

12.     To remedy VOYA's beaches of its fiduciary duties to the Plans and violations of ERISA's prohibition against charging unreasonable fees to a qualified plan and its retirement plan investors, Plaintiff, as a representative of the Cornerstone Plan and the Plans which contract with VOYA for recordkeeping and other services, brings this action on behalf of the Plans under 29 U.S.C. §1132(a)(3) seeking restoration to the Plans of all losses resulting from the excessive and unreasonable fees charged by VOYA for recordkeeping services under 29 U.S.C. §1108(b). In addition, Plaintiff seeks such other equitable or remedial relief for the Plans as the Court may

---

[2] Available at https://www.dol.gov/sites/default/files/ebsa/about-ebsa/our-activities/resource-center/publications/401kFeesEmployee.pdf
[3] http://corporate.voya.com/company-overview/company-profile
[4] http://investors.voya.com/our-businesses/our-segments/Retirement/default.aspx

deem appropriate including restitution and injunctive relief.

## JURISDICTION AND VENUE

13.     This Court has exclusive jurisdiction over the subject matter of this action under 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331, because it is an action under 29 U.S.C. §1132(a)(3).

14.     This District is the proper venue for this action under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b), because VOYA is authorized to do business in Delaware and can be found in this District, and Defendant VOYA Financial resides in this District.

15.     The Court has specific personal jurisdiction over the VOYA Defendants.  VOYA Financial resides in this District and VOYA Retirement resides within the United States.   Further, the Court has specific personal jurisdiction over the VOYA Defendants because, upon information and belief, they provided services to class members in this District and/or they engaged in the conduct described herein which took place in and/or was specifically directed towards class members in this District.

## THE PARTIES

### Plaintiff Sharon Goetz

16.     Plaintiff Sharon Goetz is a citizen of Colorado who resides at 15899 West 83rd Place, Arvada, Colorado 80007. Ms. Goetz is a participant in the Cornerstone Plan as defined in 29 U.S.C. §1002(7), and therefore has standing to bring this action on behalf of the Cornerstone Plan under 29 U.S.C. §1132(a)(3). To the extent VOYA is not found to be a Cornerstone Plan fiduciary, Plaintiff has standing to bring this action under *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 245 (2000), which authorizes a civil action by a plan participant against a non-fiduciary who participates in a transaction prohibited by 29 U.S.C. § 1106.

**The Cornerstone Pediatric Profit Sharing Plan**

17.     The Cornerstone Pediatric Profit Sharing Plan is a defined contribution, individual account, employee pension benefit plan established and maintained under 29 U.S.C. §§1002(2)(A) and 1002(34) for the benefit of employees of Cornerstone Pediatric Associates, Inc., 90 Health Park Drive, Suite 160, Louisville, CO 80027.

18.     The Cornerstone Plan is established and maintained under a written document in accordance with 29 U.S.C. §1102(a)(1).

19.     Employees of Cornerstone Pediatric Associates, Inc. are eligible to participate in the Cornerstone Plan. Benefits under the Cornerstone Plan, are based upon deferrals of employee compensation, employer matching contributions and performance of investment options net of fees and expenses.  The Cornerstone Plan is the only employer-provided source of retirement plan income for employees of Cornerstone Pediatric Associates.

20.     The Cornerstone Plan is one of 47,000 plans for which VOYA performs similar recordkeeping and other administrative services. The Cornerstone Plan is typical of defined contribution, individual account plans serviced by VOYA.

**VOYA Defendants**

21.     VOYA Financial (formerly known as ING U.S., Inc.) is a publicly traded *Fortune* 500 company (NYSE: VOYA) with $11 billion in revenue in 2016. VOYA Financial is incorporated in Delaware and headquartered at 230 Park Avenue, New York, NY 10169.

22.     VOYA Retirement (formerly known as ING Life Insurance and Annuity Co.) is a wholly owned subsidiary of VOYA Financial. VOYA Retirement is incorporated in Connecticut with its principal place of business at One Orange Way, Windsor, CT 06095.  VOYA Retirement is registered to do business in Delaware, and serves as the recordkeeper for the Cornerstone Plan

and the Plans.

23.     VOYA Financial, the parent company of VOYA Retirement, owns, controls and operates VOYA Retirement. VOYA Financial's advertising to the public does not differentiate between itself and its wholly owned subsidiary; VOYA Financial holds VOYA Retirement out to the public as a "business segment," rather than a separate legal entity, and advertises under the banner of "Our Culture: One VOYA." Thus, the VOYA entities are functionally inseparable and as such the allegations herein are made against the Voya Defendants collectively. See Exhibit A attached hereto.

## FACTUAL ALLEGATIONS

### VOYA Retirement Program

24.     VOYA advertises itself as a "leading provider of defined contribution plans."[5] VOYA's website states: "VOYA's Retirement business is focused on guiding Americans to greater retirement readiness through employer-sponsored savings plans and holistic retirement and income guidance." According to the VOYA website, VOYA serves more than 47,000 institutional clients and nearly 4.5 million individual retirement plan investors. VOYA Retirement's retirement business contributes 37% of VOYA Financial' s total operating earnings.[6]

25.     VOYA offers "comprehensive fiduciary solutions" which consists of "a robust suite of services to make your job less burdensome and simplify compliance. Depending on your arrangement with VOYA, services may include sponsor communications, plan reporting, compliance testing, IRS audit support, and fiduciary training."[7]

---

[5] http://foremployers.voya.com/articles/retirement-offerings
[6] http://corporate.voya.com/company-overview/company-profile
[7] http://investors.voya.com/our-businesses/our-segments/Retirement/default.aspx

26.    In addition to its financial capability, VOYA markets itself as socially, ethically and economically responsible: "With a clear mission to make a secure financial future possible — one person, one family, one institution at a time — VOYA's vision is to be America's Retirement Company®. . . . VOYA is equally committed to conducting business in a way that is socially, environmentally, economically and ethically responsible…."[8]

27.    VOYA also markets itself as focused on helping employees achieve their retirement goals: "VOYA … helps Americans plan, invest and protect their savings — to get ready to retire better."[9]  "With flexible plan design, industry-leading technology and dedicated support, VOYA has everything you need to help your employees be ready for retirement."[10]

28.    Although the VOYA Retirement Offerings website emphasizes ethical conduct and helping employees save for retirement, VOYA's actual business practices benefit only VOYA.

**VOYA Is A Fiduciary With Respect To The Plan**

29.    VOYA markets its package to employers with small plans and limited time for or sophistication in the administration and management of retirement plans and assets. The Cornerstone Plan is sponsored by a medical practice. The doctors comprising the employer are focused on the practice of medicine and operating the practice and business. These small plans such as the Cornerstone Plan rely on VOYA as a solution to their limited time and sophistication circumstances; VOYA is acutely aware of and preys on that reliance to richly, unreasonably and unjustly profit from the plan assets at the expense of the Plans and the participants.

30.    Under ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he

---

[8] http://investors.voya.com/
[9] http://foremployers.voya.com/articles/retirement-offerings
[10] http://foremployers.voya.com/articles/retirement-offerings

exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets…" 29 U.S.C. §1002(21)(A). Not surprisingly, VOYA's contract attempts to disclaim fiduciary status with respect to the Plans. Under the circumstances and facts alleged herein, however, VOYA is a fiduciary under ERISA in its exercise of discretion to select, monitor, change or remove investment options, to monitor, determine and allocate the "reasonable" fees charged for the investment options and VOYA's services and to prepare and distribute the required ERISA disclosures to Plan participants. VOYA knows that Cornerstone and the other Plans rely on VOYA for these matters; and VOYA markets and sells its services to such plans to richly, unreasonably and unjustly exploit and profit from such reliance.

31.    VOYA selects and determines the investment options in the Plans and maintains the discretion to determine, monitor, change and remove the investment options in the Plans. Section 8.05 of the Contract provides:

> When deemed desirable by [VOYA] to accomplish the purpose of the Separate Account, [VOYA] or the Separate Account may;
>
> (a)    Change the Fund(s) which may be invested in by the Separate Account;
>
> (b)    Make additional Fund(s) available through the Separate Account;
>
> (c)    Discontinue offering any Fund(s) available through the Separate Account; and
>
> (d)    Replace the shares of any Fund(s) held in a Separate Account with shares of any other Fund(s), where such replacement is approved by a majority vote of persons having an interest in the Separate Account Fund(s) being replaced.

Section 1.14 of the Contract defines Fund(s) as:

> The open-end, registered, management investment companies
> (mutual funds) made available by [VOYA] under this Contract.

32.     VOYA also maintains discretion to monitor and evaluate the "reasonable" fees for

the Plans' investment options and the services provided for the expense of these options, and to

determine the fees for VOYA's services in view thereof. Section 2.04 of the Contract provides:

> No assets held under this Contract shall be used for other than the
> exclusive benefit of Participants and Participants' beneficiaries and
> for defraying the reasonable administrative expenses of the Plan,
> prior to the satisfaction of all contractual obligations with respect
> to Participants and Participants' beneficiaries.

33.     Further, VOYA maintains discretion to determine the contents of the disclosures

to Plan participants required by ERISA including the fee disclosures required by ERISA and in

fact prepares and distributes the disclosures to Plan participants.

**VOYA Breached Its Fiduciary Duties Under ERISA By Charging Unreasonable Fees**

34.     VOYA breached its fiduciary duties under ERISA by charging the Plans

unreasonable fees for VOYA's services. First, under the Contract, in its discretion VOYA

charges a Maintenance Fee of between $15 and $30 per year per participant, which

approximately reflects the value of the services provided by VOYA.

35.     However, in addition to the fixed maintenance fee, VOYA charges an asset-based

fee which is added on to the net expense ratios disclosed in fund prospectuses for all Fund(s)

made available to participants under the Plans.

36.     VOYA adds an exorbitant and unreasonable asset-based fee to each Fund in the

Plans' investment options, including the VOYA proprietary funds for which VOYA, itself, is

already compensated at market for the management and expenses of the proprietary funds.

VOYA proprietary funds constitute 12 of the Cornerstone Plan's 26 investment options.

37.     The additional asset-based fee charged by VOYA is the "Daily Asset Charge." As

set forth more fully below, the Daily Asset Charge, set at VOYA's sole discretion, varies by Fund, but is never less than 0.67 % and usually over 1% of the asset value. Thus, all participants pay the Daily Asset Charge to VOYA in addition to the asset-based fee already charged by each Fund.

38.     VOYA justifies its Daily Asset Charge by claiming it is "deducted for mortality and expense risks, which may include profit." However, the 3% guaranteed rate and related risk to VOYA applies only to the VOYA Stable Value Fund.  In fact, VOYA's service for the exorbitant asset-based fee is essentially recordkeeping for the Plans and the relatively negligible risk to back the guaranteed 3% rate on the VOYA Stable Value Fund. VOYA does not guarantee a rate of return on any other Funds.

39.     Moreover, the Daily Asset Charge is disproportionately high based on the alleged risk to VOYA for guaranteeing the 3% rate of return on the Stable Value Fund. The risk of loss in the Stable Value Fund is reflected in the operating expenses charged by the funds, and is mitigated by allowing the funds to adjust quarterly their rate of return. There are numerous stable value funds offered in the market that guarantee a similar rate of return, but do not charge an asset based fee exceeding 1% on all other plan assets.

40.     VOYA's asset-based fees also are grossly unreasonable based on the services provided to the Plans. In essence, VOYA provides recordkeeping services. Recordkeeping is a necessary service for every defined contribution plan. Recordkeeping for 401(k) plans like the Cornerstone Plan and the Plans and their participants, however, is fundamentally the same as keeping records for a brokerage account with a few additional points of data.  In essence, it is a computer-based bookkeeping system. The greatest cost incurred in incorporating a new retirement plan into a recordkeeper's system is for upfront setup costs.

41.     After a plan account is set up, individual accounts are opened by entering the participant's name, age, SSN, date of hire and marital status.  The system also records the portion of a participant's compensation he or she wishes to contribute each pay period through automated payroll deductions.  Participants can go on line and change their contribution rate at any time.

42.     Similar to a brokerage account, the system also records and tracks which investments among the twenty or thirty investment choices available under the plan a participant has chosen to invest his or her contributions.  All of the investment choices available to participant-directed retirement plans like the Cornerstone Plan and the putative class are contained on a list of investment options chosen by VOYA and are already connected to VOYA's system, so that all information downloads to VOYA's system automatically.

43.     Participants can buy and sell investments and change their investment instructions for new contributions on-line at any time.  The system also records withdrawals and distributions and keeps a running daily balance of each participant's account by extracting data from other reporting systems, like Morningstar.

44.     Recordkeeping services for a qualified retirement plan, like the Cornerstone Plan, are essentially fixed and largely automated.  The cost of recordkeeping and administrative services depends on the number of participants, not the amount of assets in the participant's account. Thus, the cost of providing recordkeeping services to a participant with an average account balance of $100,000 is the same as the cost of recordkeeping for a participant with $1,000 in her retirement account.  For this reason, responsible recordkeepers charge recordkeeping fees for each plan participant rather than as a percentage of plan assets.  Otherwise, as plan assets increase through participant contributions or investment gains, the

recordkeeping revenue increases unreasonably in relation to the services provided.

45.     The Daily Asset Charge that VOYA, in its discretion, establishes and charges is grossly disproportionate to the services provided and the minimal risk assumed by VOYA and is unreasonable by any fair metric. VOYA charges and richly and unjustly profits from an exorbitant and unreasonable asset-based fee on the Plan assets based on the extensive reliance placed on VOYA by the Plans for the "plug and play" solution, which includes VOYA's representation that Plans' assets will not be used except to defray "reasonable" expenses. By setting and charging the Plans the asset based Daily Asset Charge, VOYA breached its fiduciary duties to the Plans to set and maintain reasonable fees for its services in the administration of the Plans, and unjustly profited therefrom at the unfair expense of the Plans and participants.

**VOYA Breached Its Rule 404a-5 Duty By Providing False and Misleading Disclosures to Plan Participants**

46.     VOYA also breached its fiduciary duty to the Plans' participants by concealing the unreasonable fee in the required disclosures to participants prepared and sent by VOYA. The fee disclosures do not comply with ERISA and are materially misleading because they conceal the nature and purpose of the exorbitant and unreasonable administrative fees charged to the Plans and their participants by VOYA.

47.     Beginning in November 2012, defined contribution plan sponsors were required to make certain disclosures to plan participants under 29 CFR 2550.404a-5 ("Rule 404a-5 Disclosures"). Although plan sponsors are responsible for delivering the Rule 404a-5 Disclosures, they are expected to rely on the services of the Plans' recordkeeper to actually prepare and deliver the required disclosures. The Plans rely on VOYA to prepare and provide the disclosures to the participants, and VOYA does so.

48.     As provided in the 29 CFR 2550.404a-5 regulations, the purpose of the Rule

404a-5 Disclosures is to provide sufficient information to participants regarding the Plans, including fees and expenses, so they are able to make informed decisions with regard to the management of their individual plan accounts.

49.      Rule 404a-5 (c)(3) requires "an explanation of any fees and expenses that may be charged against the individual account of a participant or beneficiary on an individual, rather than on a plan-wide, basis … and which are not reflected in the total annual operating expenses of any designated investment alternative."

50.      The Plan Participant Disclosures prepared and circulated by VOYA contain a section entitled "Annual General Plan Administrative Fees." VOYA's annual disclosure provides the Maintenance Fee Information and the "Total…Annual Operating Expenses" information with no explanation of the components. On October 31, 2016, VOYA provided the following Rule 404a-5 disclosures to the Cornerstone Plan participants disclosing the Cornerstone Plan annual administrative fee:

**Annual General Plan Administrative Fees**

The fee amounts below are deducted from all participant accounts. If more than one service provider performs services on behalf of the plan, then each provider's fees are shown separately. Certain fees that apply to the same service may be combined on your statements.

The "Allocation of Fees" column describes how each fee is allocated among participants. "Pro-rata" means that participants each pay a portion of a plan-level fee amount based on their share of plan assets. "Per capita" means all participants pay an equal share of a larger <u>plan-level</u> fee amount (i.e. plan-level amount is divided by the number of participants). "Per Participant" means that the same fee amount is assessed against all participants (e.g. $15/participant, etc.).

| Fee Type | Fee Amount | Allocation of Fees | Entity Charging the Fee |
|---|---|---|---|
| Maintenance Fee | $15.00 | Per Participant | VOYA |

* * * *

Some of the plan's administrative expenses were paid from revenue sharing payments of one or more of the plan's designated investment alternatives.

51.     VOYA, which holds itself out to the public as an expert in retirement services, knows from its extensive and long experience in the pension space that participants make investment option decisions based on  the annual disclosures required under 29 CFR 2550. 405a-5. VOYA therefore knowingly omitted important fee information from the annual disclosures.

52.     The VOYA disclosures are false and misleading. A reasonable plan participant reviewing and relying on these disclosures would not realize or understand that VOYA was charging an asset-based fee in the form of its Daily Asset Charge, or that those asset-based fees were being added to the operating expenses of every mutual fund offered by the Plans as investment options.

53.     Instead of accurately disclosing its fees as required in the Rule 405a-5 disclosures, VOYA instead attempted to circumvent Rule 404a-5's disclosure requirements. First, VOYA buries the following statement in the "Messages for Plan" section of the quarterly account statements: "In addition to any expenses described above [in the Fee Detail section of the report showing the $15 Maintenance Fee], some of the plan's administrative expenses for the preceding quarter were paid from the total annual operating expense of one or more of the plan's designated investment alternatives (e.g. through revenue sharing arrangements, 12b-1 fees, sub-transfer agent fees)." The quarterly statements add the following statement in the "Investment Performance" Section: "These numbers reflect total Separate Account charges, ranging from 1.05% to 1.85% on an annual basis."

54.     No cross reference is provided for participants to link this information to the "Total…Annual Operating Expenses" Information in the annual disclosures or to enable participants to decipher and evaluate the actual fees charged by VOYA, or the services plan participants received for those fees. VOYA intentionally made the separate disclosure in

documents which participants do not as a matter of course review for disclosure purposes, to conceal the unreasonable fee. VOYA's attempt to evade participant scrutiny and attention to the amount and basis of the fee is consistent with the predatory "plug and play" sale of its services to the employers.

55.     Second, VOYA attempted to evade disclosing its asset-based fees by adding the fee to the operating costs of every mutual fund offered by the Plans as an investment option without disclosing the amount or nature of the additional fees.

56.     Rule 404a-5d(1)(iv) requires fee and expense information for designated investment alternatives offered by the plan:

> (1)     The amount and a description of each shareholder-type fee (fees charged directly against a participant's or beneficiary's investment, such as commissions, sales loads, sales charges, deferred sales charges, redemption fees, surrender charges, exchange fees, account fees, and purchase fees, which are not included in the total annual operating expenses of any designated investment alternative)…; and

> (2)     The total annual operating expenses of the investment expressed as a percentage (i.e., expense ratio), calculated in accordance with paragraph (h)(5) of this section…

57.     Rule404a-5d(h)(5) requires: "In the case of a designated investment alternative that is registered under the Investment Company Act of 1940, the annual operating expenses and other asset-based charges before waivers and reimbursements (e.g., investment management fees, distribution fees, service fees, administrative expenses, separate account expenses, mortality and expense risk fees) that reduce the alternative's rate of return, expressed as a percentage calculated in accordance with the required Securities and Exchange Commission form…." Because all of the investment options in the Cornerstone Plan except the VOYA Stable Value Fund are mutual funds, the applicable form is Form N1-A, Registration Statement Under

The Investment Company Act of 1940, which includes the fund prospectus.[11]

58.     VOYA's annual disclosures to participants under Rule 405a-5 include "Fee and Expense Information" regarding the investment options. This sets forth the "Total Gross Annual Operating Expenses" and "Total Net Annual Operating Expenses" for each option. The information provided does not show that the expense components include VOYA's asset-based fee charged to each of the investment options. VOYA added its asset-based fees to the operating expenses to avoid separately disclosing its unreasonable fees as required under Rule404a-5.

59.     VOYA's Rule 404a-5 Disclosures also contained the following disclosures regarding "Total…Annual Operating Expenses":

| Name / Type of Option | Total Gross Annual Operating Expenses | | Total Net Annual Operating Expenses | | Shareholder Type Fees/ Fund Restrictions |
|---|---|---|---|---|---|
| | As a % | Per $1,000 | As a % | Per $1,000 | |
| | | | | | |
| **ASSET ALLOCATION** | | | | | |
| VOYA Solution Aggressive Prt Adv | 2.80% | $28.00 | 2.54% | $25.40 | |
| VOYA Solution Balanced Prt Adv | 2.59% | $25.90 | 2.45% | $24.50 | |
| VOYA Solution Conservative Prt Adv | 2.53% | $25.30 | 2.31% | $23.10 | |
| VOYA Solution Mod Aggress Prt Adv | 2.58% | $25.80 | 2.53% | $25.30 | |
| VOYA Solution Mod Conserv Prt Adv | 2.52% | $25.20 | 2.39% | $23.90 | |
| **BALANCED** | | | | | |
| VY Invesco Eqty & Inc Port I | 2.22% | $22.20 | 2.20% | $22.00 | |
| VY TRowePrice Captl Apprec Pt Srv | 2.19% | $21.90 | 2.19% | $21.90 | |
| **BONDS** | | | | | |
| PIMCO VIT Real Return Portfolio Adm | 2.28% | $22.80 | 2.15% | $21.50 | |
| Pioneer Strategic Income Fund Y | 2.33% | $23.30 | 2.33% | $23.30 | |
| VOYA Intermediate Bond Fund A | 1.71% | $17.10 | 1.71% | $17.10 | |
| **GLOBAL / INTERNATIONAL** | | | | | |
| American Funds CapWld G&I R3 | 2.24% | $22.40 | 2.24% | $22.40 | |
| Oppenheimer Developing Markets Fnd A | 2.82% | $28.20 | 2.82% | $28.20 | |
| VY Templeton Foreign Eqty Port I | 2.50% | $25.00 | 2.48% | $24.80 | |
| **LARGE CAP GROWTH** | | | | | |

[11] https://www.sec.gov/files/formn-1a.pdf

| | | | | | |
|---|---|---|---|---|---|
| Fidelity Adv New Insights Fund I | 2.26% | $22.60 | 2.26% | $22.60 | |
| VOYA Large Cap Growth Port Srv | 2.22% | $22.20 | 2.22% | $22.20 | |
| **LARGE CAP VALUE** | | | | | |
| Invesco Diversified Dividend Fnd A | 2.19% | $21.90 | 2.18% | $21.80 | |
| Vanguard VIF - Equity Income Port | 2.16% | $21.60 | 2.16% | $21.60 | |
| VOYA Russell Lrg Cap Index Port I | 1.78% | $17.80 | 1.77% | $17.70 | |
| VOYA U.S. Stock Index Port Inst | 1.76% | $17.60 | 1.76% | $17.60 | |
| **SMALL/MID/SPECIALTY** | | | | | |
| ClrBrg Mid Cap Fund R | 2.59% | $25.90 | 2.55% | $25.50 | |
| Neuberger Berman Md Cp Grw Fnd R3 | 2.53% | $25.30 | 2.52% | $25.20 | |
| Victory Sycmr Established Value Fd R | 2.31% | $23.10 | 2.31% | $23.10 | |
| VOYA SmallCap Opportunities Prt I | 2.24% | $22.40 | 2.24% | $22.40 | |
| VY Clarion Real Estate Port Srv | 2.39% | $23.90 | 2.26% | $22.60 | |
| VY Columbia Sm Cap Val II Pt I | 2.44% | $24.40 | 2.41% | $24.10 | |
| VY JPMorgan Sm Cp Core Eq Prt Srv | 2.41% | $24.10 | 2.41% | $24.10 | |

60.     VOYA's Rule 404a-5 Disclosures were misleading because they failed to disclose that VOYA was charging Cornerstone Plan participants and the Plans' participants the additional asset-based fee for administration of the Plans that is unreasonable and disproportionate to services provided by VOYA. As alleged above, the Daily Asset Charge adds an additional asset-based fee to all investment options payable to VOYA for administration of the Plans' assets.

61.     The following chart shows the difference between the mutual fund operating expenses disclosed by VOYA in the 404a-5 Disclosures and the actual operating expenses of the various funds as disclosed in the fund prospectuses:

| Fund | Fund Net Expense Ratio per VOYA Plan Disclosures | Fund Net Expense Ratio per Prospectus | Difference Paid to VOYA |
|---|---|---|---|
| VOYA Solution Aggressive Prt Adv | 2.54% | 1.39% | 1.15% |
| VOYA Solution Balanced Prt Adv | 2.45% | 1.30% | 1.15% |
| VOYA Solution | 2.31% | 1.16% | 1.15% |

| | | | |
|---|---|---|---|
| Conservative Prt Adv | | | |
| VOYA Solution Mod Aggress Prt Adv | 2.53% | 1.38% | 1.15% |
| VOYA Solution Mod Conserv Prt Adv | 2.39% | 1.24% | 1.15% |
| VOYA Solution Mod Aggress Prt Adv | 2.20% | 0.65% | 1.55% |
| VOYA Solution Mod Conserv Prt Adv | 2.19% | 0.89% | 1.34% |
| VY Invesco Eqty & Inc Port I | 2.15% | 0.78% | 1.37% |
| VY TRowePrice Captl Apprec Pt Srv | 2.33% | 0.73% | 1.60% |
| PIMCO VIT Real Return Portfolio Adm | 1.71% | 1.04% | 0.67% |
| Pioneer Strategic Income Fund Y | 2.24% | 1.10% | 1.14% |
| VOYA Intermediate Bond Fund A | 2.82% | 1.32% | 1.50% |
| American Funds CapWld G&I R3 | 2.48% | 0.91% | 1.57% |
| Oppenheimer Developing Markets Fnd A | 2.26% | 0.63% | 1.63% |
| VY Templeton Foreign Eqty Port I | 2.22% | 0.92% | 1.30% |
| Fidelity Adv New Insights Fund I | 2.18% | 0.82% | 1.36% |
| VOYA Large Cap Growth Port Srv | 2.16% | 0.30% | 1.86% |
| Invesco Diversified Dividend Fnd A | 1.77% | 0.62% | 1.15% |
| Vanguard VIF - Equity Income Port | 1.76% | 0.27% | 1.49% |
| VOYA Russell Lrg Cap Index Port I | 2.55% | 1.45% | 1.10% |
| VOYA U.S. Stock Index Port Inst | 2.52% | 1.37% | 1.15% |
| ClrBrg Mid Cap Fund R | 2.31% | 1.11% | 1.20% |
| Neuberger Berman Md Cp Grw Fnd R3 | 2.24% | 0.55% | 1.69% |
| Victory Sycmr Established Value Fd R | 2.26% | 1.14% | 1.12% |
| VOYA SmallCap Opportunities Prt I | 2.41% | 1.11% | 1.30% |
| VY Clarion Real Estate Port Srv | 2.41% | 1.11% | 1.30% |

| VY Columbia Sm Cap Val II Pt I | 2.54% | 1.39% | 1.15% |
| VY JPMorgan Sm Cp Core Eq Prt Srv | 2.45% | 1.30% | 1.15% |

62.     The VOYA asset-based fee increased the cost of every investment on the VOYA Retirement Flexible Advantage platform by 0.67% to 1.86%.  Nowhere in the Rule 404a-5 Disclosures does VOYA disclose (1) it increased the operating expenses of every mutual fund offered under the Cornerstone Plan; and (2) the expense difference was paid to VOYA to provide recordkeeping and administrative services to the Cornerstone Plan and mitigate VOYA's supposed mortality and capital risk. VOYA knows the Plans' participants could not have discovered VOYA's unreasonable fees and unjust profit unless they compared every fund operating fee disclosed in the Rule 404a-5 Disclosure with the fund operating expenses disclosed in the fund prospectuses.

63.     The disproportionality of VOYA's fee is most pronounced when applied to the passively managed index and target date funds. For example, Vanguard charges 0.30% of net assets to manage and operate the Vanguard VIF - Equity Income Portfolio. VOYA charges Cornerstone Plan participants an additional 1.49% to track a participant's investment in the Vanguard fund on the VOYA platform. In other words, Cornerstone Plan participants and the Plans' participants pay almost 1.5% more annually to invest in the Vanguard fund from the VOYA platform than someone who was not a plan participant would pay to own the same fund.

64.     Further, VOYA increases the expense ratios of the 12 VOYA proprietary mutual funds (for which VOYA is already compensated at market rates) offered under the Cornerstone Plan by 1.15% to 1.80%,. For example, VOYA charges operating expenses of 0.30% of net assets to manage and administer in its VOYA Large Cap Growth Portfolio fund.  However,

VOYA charges Cornerstone Plan and the Plans an additional 1.86% to simply track a participant's investment in the same fund. In other words, Cornerstone Plan participants and the Plans' participants pay almost 2% more annually to invest in the VOYA fund than someone who was not a plan participant would pay to own the same fund.

65.     Ironically, the Comparative Chart of Investment Options prepared for the Cornerstone Plan participants by VOYA contains the following caution: "The cumulative effect of fees and expenses can substantially reduce the growth of your retirement savings."

66.     In addition to the direct compensation VOYA receives by adding its asset based fees of 0.67% to 1.86% to the operating expense of every mutual fund offered under the Cornerstone Plan, VOYA also receives additional compensation from the sponsors of most of the mutual funds offered to Cornerstone Plan and the Plans through distribution and/or service fees known as 12b-1 fees.

67.     So-called "12b-1 fees" are fees paid by a mutual fund out of fund assets to cover distribution expenses and sometimes shareholder service expenses.  These 12b-1 fees get their name from the SEC rule that authorizes a fund to pay them.    "Distribution fees" include fees paid for marketing and selling fund shares, such as compensating brokers and others who sell fund shares, and paying for advertising, the printing and mailing of prospectuses to new investors, and the printing and mailing of sales literature.

68.     VOYA receives 12b-1 fees from 19 of the 26 funds offered by the Cornerstone Plan, including 10 of the 12 VOYA proprietary funds.  VOYA receives up to 0.50% of the net assets invested in those funds in addition to the fees added to the operating costs of the funds.

69.     The following table sets out the asset based fees, 12b-1 fees and total compensation received by VOYA as a percentage of net assets invested in the funds:

| Fund | VOYA Asset Based Fees | VOYA 12b-1 Fees (per fund prospectus) | Total Excess Fees to VOYA |
|---|---|---|---|
| VOYA Solution Aggressive Prt Adv | 1.15% | 0.50% | 1.65% |
| VOYA Solution Balanced Prt Adv | 1.15% | 0.50% | 1.65% |
| VOYA Solution Conservative Prt Adv | 1.15% | 0.50% | 1.65% |
| VOYA Solution Mod Aggress Prt Adv | 1.15% | 0.50% | 1.65% |
| VOYA Solution Mod Conserv Prt Adv | 1.15% | 0.50% | 1.65% |
| VOYA Solution Mod Aggress Prt Adv | 1.55% | 0.00% | 1.55% |
| VOYA Solution Mod Conserv Prt Adv | 1.34% | 0.25% | 1.59% |
| VY Invesco Eqty & Inc Port I | 1.37% | 0.15% | 1.52% |
| VY TRowePrice Captl Apprec Pt Srv | 1.60% | 0.00% | 1.60% |
| PIMCO VIT Real Return Portfolio Adm | 0.67% | 0.50% | 1.17% |
| Pioneer Strategic Income Fund Y | 1.14% | 0.50% | 1.64% |
| VOYA Intermediate Bond Fund A | 1.50% | 0.25% | 1.75% |
| American Funds CapWld G&I R3 | 1.57% | 0.00% | 1.57% |
| Oppenheimer Developing Markets Fnd A | 1.63% | 0.00% | 1.63% |
| VY Templeton Foreign Eqty Port I | 1.30% | 0.25% | 1.55% |
| Fidelity Adv New Insights Fund I | 1.36% | 0.25% | 1.61% |
| VOYA Large Cap Growth Port Srv | 1.86% | 0.00% | 1.86% |
| Invesco Diversified Dividend Fnd A | 1.15% | 0.25% | 1.40% |
| Vanguard VIF - Equity Income Port | 1.49% | 0.00% | 1.49% |
| VOYA Russell Lrg Cap Index Port I | 1.10% | 0.50% | 1.60% |
| VOYA U.S. Stock Index Port Inst | 1.15% | 0.50% | 1.65% |
| ClrBrg Mid Cap Fund R | 1.20% | 0.25% | 1.45% |

| | | | |
|---|---|---|---|
| Neuberger Berman Md Cp Grw Fnd R3 | 1.69% | 0.00% | 1.69% |
| Victory Sycmr Established Value Fd R | 1.12% | 0.25% | 1.37% |
| VOYA SmallCap Opportunities Prt I | 1.30% | 0.25% | 1.55% |
| VY Clarion Real Estate Port Srv | 1.30% | 0.25% | 1.55% |
| VY Columbia Sm Cap Val II Pt I | 1.15% | 0.50% | 1.65% |
| VY JPMorgan Sm Cp Core Eq Prt Srv | 1.15% | 0.50% | 1.65% |

70.     Because VOYA charges asset based fees based on a percent of the value of each participant's account maintained on their platform for recordkeeping services, plan participants pay wildly divergent amounts for the same services. For example,  Plaintiff, with an account value of $48,180 as of September 30, 2016 paid up to 1.86% or $896 annually for recordkeeping services while a participant with an account balance of $4,818 paid $89 for exactly the same services.

71.     If VOYA charged the median fee of $64 for 19 participants, the Cornerstone Plan (and the Plans) would pay $1,216 per year for recordkeeping services, rather than $34,568 per year, saving the plan participants over 1% or $33,000 per year. Plaintiff would have paid $64 in fees in 2016 rather than up to $896, a savings of $832.

**VOYA Violated its Duty Under ERISA to Charge Reasonable fees for its Services**

72.     As alleged herein, under 29 U.S.C. § 1002(21)(a), VOYA is a fiduciary of the Cornerstone Plan and the Plans with respect to VOYA's unreasonable fees and the Rule 404a-5 Disclosures. However, VOYA has breached its duty under ERISA to charge the Plans a reasonable fee for its services even if it is not found to be a plan fiduciary.

73.     29 U.S.C. §1104(a)(1) requires that a plan fiduciary "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of … (ii) defraying reasonable expenses of administering the plan" exercising

"the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent

man acting in a like capacity and familiar with such matters would use in the conduct of an

enterprise of like character and with like aims."

74.     29 U.S.C. §1106(a)(1)(C) of ERISA prohibits a fiduciary of an employee benefit

plan from entering into an agreement with a party in interest for the provision of services to the

Plan. Under 29 U.S.C §1002(14)(B) a "party in interest" is defined to include "a person

providing services to such plan." VOYA is a "party in interest" because it is providing

recordkeeping and other administrative services to the Cornerstone Plan and the Plans.

75.     29 U.S.C. §1108(b)(2) exempts "Contracting or making reasonable arrangements

with a party in interest for office space, or legal, accounting, or other services necessary for the

establishment or operation of the plan" from the 29 U.S.C. §1106(a)(1)(C) bar "if no more than

reasonable compensation is paid therefor."

76.     As alleged above, the addition of the asset based fees added to the mutual fund

operating expenses ensures that VOYA will receive a variable fee for recordkeeping based on a

percentage of the total assets held in the Plans, regardless of the number of participants or any

other factor that actually affects the cost of providing recordkeeping services.  Thus, VOYA's

asset-based fee is not "reasonable compensation" under 29 U.S.C. §1108(b)(2), and so is not

exempt from the prohibition of 29 U.S.C. §1106(a)(1)(C).

77.     Plan fiduciaries also have "a continuing duty to monitor trust investments and

remove imprudent ones." *Tibble v. Edison Int'l,* __ U.S. __, 135 S. Ct. 1823, 1828 (2015).The

Plans' Sponsors also breached their fiduciary duty by allowing VOYA to increase the operating

costs of the funds by adding its unreasonable asset-based fee.

78.     VOYA holds itself out as an expert on retirement plans, offering fiduciary

education and other services. When it offered asset-based recordkeeping services, VOYA knew or should have known that such charges were unreasonable and violated 29 U.S.C. §1108(b)(2), and 29 U.S.C. §1106(a)(1)(C).  Nonetheless, VOYA continued to charge the Plans asset based fees for recordkeeping services.

79.     Cornerstone Pediatric Associates, LLC, as a fiduciary to the Cornerstone Plan and its participants, failed to adequately perform its fiduciary obligation to (1) ensure that the Cornerstone Plan pay no more than reasonable compensation for recordkeeping services, thereby causing the Cornerstone Plan and the Plans to engage in a transaction prohibited by 29 U.S.C. § 1106(a)(1)((C); and (2) ensure the Rule 404a-5 Disclosures were accurate. However, Cornerstone Pediatric Associates was not the recipient of the excessive compensation and did not prepare the misleading Rule 404a-5 Disclosures.

80.     VOYA knew the Plans' Sponsors were breaching their fiduciary duties to the Cornerstone plan and the Plans by allowing VOYA to charge excessive fees which render investment options unreasonably expensive and imprudent, and allowing VOYA to distribute false and misleading disclosures to the Cornerstone Plan and Plans participants. Therefore, VOYA is liable to the Cornerstone Plan and the Plans for the excessive fees VOYA knowingly charged the Plans in violation of 29 U.S.C. §1106(a)(1)(C) and 29 U.S.C. §1108(b)(2).

## CLASS ACTION ALLEGATIONS

81.     29 U.S.C. §1132(a)(3) authorizes any participant or beneficiary of the Plans to bring an action individually on behalf of the Plans "(B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

82.      Acting in this representative capacity and to enhance the due process protections

of the Cornerstone Plan and all the Plans enrolled for retirement plan services with VOYA, as an

alternative to direct individual actions on behalf of the Plans under 29 U.S.C. §1132(a)(3),

Plaintiff seeks to certify this action as a class action under Fed. R. Civ. P. 23 on behalf of the

Cornerstone Plan and the Plans.  Plaintiff seeks to certify, and to be appointed as representative

of, the following class:

> The Cornerstone Plan and every other participant-directed individual account plan
> enrolled for retirement plan services with VOYA for which VOYA provides
> recordkeeping and other administrative services for an asset-based fee by
> charging the Plans and participant accounts an amount calculated as a percentage
> of the value of the participant's account invested in any particular investment
> fund, at any time from the earlier of (i) September 1, 2014; or (ii), in the event the
> Court determines that VOYA has concealed the facts and circumstances that
> would have apprised Plaintiff and the Class of the existence of VOYA's excessive
> compensation, the first date on which VOYA provided sufficient disclosure of its
> compensation for recordkeeping and administrative services, through the date of
> judgment (the "Class Period").

83.    This action meets the requirements of Rule 23 and is certifiable as a class action

for the following reasons:

a. Per the VOYA website, the Class includes up to 47,000 Plans and 4,500,000

retirement plan participants as members who are enrolled with VOYA to provide

retirement plan recordkeeping services and is so large that joinder of all its members is

impracticable.

b. There are questions of law and fact common to the Class because VOYA

charged excessive fees to the Plans in violation of 29 U.S.C. §1108(b)(2), provided

misleading Rule 404a-5 Disclosures,  and took the actions and omissions alleged herein

as to the Plans.  Thus, common questions of law and fact include the following, without

limitation:  Whether VOYA is a Plan fiduciary with respect to setting and disclosing its

fees; whether VOYA is a Plan fiduciary with respect to determining which investments

are offered to Plans; whether an asset-based fee calculated as a percentage of a plan's assets constitutes reasonable compensation for recordkeeping services; whether the fiduciaries of the Plans breached their fiduciary duties to the Plans and caused the Plans to engage in prohibited transactions by failing to ensure that the Plans paid no more than reasonable compensation for recordkeeping services; whether the Plans suffered damages or losses from VOYA's excessive fees; whether VOYA and the plan sponsors provided misleading Rule 404a-5 Disclosures; and what Plans-wide equitable and other relief the Court should impose in light of VOYA's wrongful conduct.

c. Plaintiff's claims are typical of the claims of the Class because Plaintiff was a participant in the Cornerstone Plan during the time period at issue in this action and all similar Plans were harmed by VOYA's misconduct.

d. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the class because she because she was a participant in the Cornerstone Plan, which is typical of the Plans enrolled with VOYA to provide services for the Plans during the Class period, has no interests that are in conflict with the Class, is committed to the vigorous representation of the Class and has engaged experienced and competent attorneys to represent the Class.

e. Prosecution of separate actions for these violations of ERISA by individual Plan participants and beneficiaries would create the risk of (A) inconsistent or varying adjudications that would establish incompatible standards of conduct for VOYA in respect to the discharge of its duties to the Plans and liability to the Plans under 29 U.S.C. §§ 1104(a)(1); 1105(a)(3); 1106(a)(1)(C); 1108(b)(2); and 29 C.F.R. § 2550.404a-5; and (B) adjudications by individual participants and beneficiaries regarding these breaches of

fiduciary duties and remedies for the Plans would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests.  Therefore, this action should be certified as a class action under Rule 23(b)(1)(A) or (B).

84.     A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all participant Plans is impracticable, the losses suffered by individual Plans may be small and make it impracticable for individual Plans to enforce their rights through individual actions, and the common questions of law and fact predominate over individual questions.  Given the nature of the allegations, no class member has an interest in individually controlling the prosecution of this matter, and Plaintiff is aware of no difficulties likely to be encountered in the management of this matter as a class action.  Alternatively, then, this action may be certified as a class under Rule 23(b)(3) if it is not certified under Rule 23(b)(1)(A) or (B).

85.      Plaintiff's counsel will fairly and adequately represent the interests of the Class and is best able to represent the interests of the Class under Rule 23(g).

## FIRST CLAIM FOR RELIEF

### Breach of Fiduciary Duty Against VOYA Under 29 U.S.C. § 1104(a)(1) – Excessive Fees

86.     The allegations set forth above are incorporated by this reference.

87.     VOYA is a fiduciary of the Cornerstone Plan and the Plans under 29 U.S.C. § 1002(21)(a) because VOYA had discretionary authority or discretionary responsibility in setting its compensation by determining the "reasonable" amount VOYA would add to the operating expenses of the mutual funds and because VOYA used its discretion to determine which

investments would be made available to the Plans' participants for the cost.

88.     VOYA's total asset based fees were excessive and therefore in violation of 29

U.S.C. § 1106(a)(3) and 29 U.S.C. § 1108(b)(2).

89.     VOYA breached its fiduciary duty under 29 U.S.C. § 1104(a)(1) to the

Cornerstone Plan's participants and  the Plans' participants by charging the Plans excessive and

unreasonable fees for recordkeeping.

90.     The Cornerstone Plan and the Plans have been damaged by VOYA's actions in an

amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Breach of Fiduciary Duty Against VOYA under 29 U.S.C. § 1104(a)(1) – False and Misleading Rule 404a-5 Disclosure

91.     The allegations set forth above are incorporated by this reference.

92.     VOYA is a fiduciary of the Cornerstone Plan and the Plans under 29 U.S.C. §

1002(21)(a) because VOYA had discretionary authority or discretionary responsibility in

preparing the administrative and fund fee disclosures required by 29 C.F.R. § 2550.404a-5.

93.     VOYA prepared and distributed the 29 C.F.R. § 2550.404a-5 administrative and

fund fee disclosures to the Cornerstone Plan's participants  and the Plans' participants.

94.     The 29 C.F.R. § 2550.404a-5 administrative and fund fee disclosures were

materially false and misleading because:

    a.   The Rule 404a-5 Disclosures stated the administrative fee was $15 per

        participant when in fact VOYA charged an additional asset based fee in excess

        of 1%;

    b.   The Rule 404a-5 Disclosures did not accurately report the mutual fund

        operating costs as disclosed in the fund prospectuses, but instead inflated the

- 30 -

fund operating expenses by adding VOYA's asset based administrative fee of .67% to 1.86% to the fund operating expenses; and

c.   The Rule 404a-5 Disclosures failed to disclose VOYA was receiving an asset based administrative fee of 0.67% to 1.86% of the Cornerstone Plan's and the Plans' assets.

95.   The Cornerstone Plan and the Plans reasonably relied on VOYA to prepare and distribute accurate and truthful Rule 404a-5 Disclosures for their plan participants.

96.   VOYA breached its fiduciary duty under 29 U.S.C. § 1104(a)(1) to the Cornerstone Plan and the Plans by preparing and distributing the false and misleading Rule 404a-5 Disclosures.

97.   The Cornerstone Plan and the Plans have been damaged by VOYA's actions in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### Liability for Breach of Co-Fiduciaries Under 29 U.S.C. §1105(a)(2)

98.   The allegations set forth above are incorporated by this reference.

99.   Defined contribution plan sponsors are required to pay reasonable fees for recordkeeping services under 29 U.S.C. §§ 1104(a)(1), 1106(a)(1)(C) and 1108(b)(2).

100.   Defined contribution plan sponsors are required to make administrative and fund operating fee disclosures to plan participants under 29 CFR 2550.404a-5.

101.   Although plan sponsors are responsible for delivering the Rule 404a¬5 Disclosures, they are expected to rely on the services of the plan's recordkeeper to actually prepare and deliver the required disclosures.

102.   Because VOYA had discretionary authority or discretionary responsibility in

setting its fees and preparing the administrative and fund fee disclosures required by 29 C.F.R. § 2550.404a-5, it was a plan fiduciary.

103.    The Cornerstone Plan and the Plans' Sponsors breached the fiduciary duties owed to the Plans under 29 U.S.C. §1104(a)(1) by paying VOYA excessive recordkeeping fees and distributing the false and misleading Rule 404a-5 Disclosures.

104.    The Cornerstone Plan and the Plans' participants have been damaged by the Plans' Sponsors' breaches of their fiduciary duty in an amount to be proven at trial.

105.    VOYA knew of and enabled the Cornerstone Plan and the Plans' Sponsors' breaches of their fiduciary duties under 29 U.S.C. §1104(a)(1) by charging excessive fees and preparing and distributing the false and misleading Rule 404a-5 Disclosures, and so is equally liable to the Cornerstone Plan and the Plans for those breaches under 29 U.S.C. §1105(a)(2).

## FOURTH CLAIM FOR RELIEF

### Prohibited Transaction - Excessive and Unreasonable Compensation for Services in Violation of 29 U.S.C §1108(b)(2)

106.     The allegations set forth above are incorporated by this reference.

107.    Plaintiff has standing to assert this claim under 29 U.S. Code § 1132(a)(3) and *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 245 (2000).

108.    29 U.S.C. § 1106(a)(1)(C), generally prohibits the direct or indirect furnishing of services between a plan and a party-in-interest.

109.    29 U.S.C. § 1002(14) defines a party-in-interest as, among other things, a person providing services to a plan. As a result of providing recordkeeping, and other administrative services to the Cornerstone Plan and the Plans, VOYA is a party-in-interest to the Plans.

110.    29 U.S.C. § 1108(b)(2) exempts from the prohibitions of 29 U.S.C. § 1106(a)(1)(C) "contracting or making reasonable arrangements with a party in interest for office

space, or legal, accounting, or other services necessary for the establishment or operation of the

plan, **if no more than reasonable compensation is paid therefor**" (emphasis added).

111.    VOYA charged the Cornerstone Plan and the Plans a fee based on a percentage of

the value of the assets in the various plans through increasing the fund operating expenses and

receiving 12b-1 fees from the mutual fund sponsors.

112.    Since recordkeeping represents a fixed service at a fixed cost that is contingent on

the number of plan participants and not the amount of assets in the plan, there is no basis for

charging an asset-based fee for that service, especially a fee that is more than double the average

fee charged by investment funds for managing the actual investment of plan assets.

113.    A reasonable fixed fee for recordkeeping would be between $35 and $64 per plan

participant. By charging an asset based fee which resulted in fees in excess of $1,800 per plan

member, VOYA received excessive and unreasonable compensation for its services for which no

exemption is available under 29 U.S.C. § 1108(b)(2).

114.    By charging excessive and unreasonable compensation for the recordkeeping

services, VOYA  knowingly caused the Cornerstone Plan and the Plans to breach their fiduciary

duties under 29 U.S.C. § 1104(a)(1) by engaging in prohibited transactions in violation of 29

USC § 1106(a).

115.    By their reliance on VOYA for a "plug and play" solution, the Plans' Sponsors

and other named fiduciaries breached their fiduciary duties to the Plans under ERISA to monitor

and evaluate the reasonableness of the fees charged to the Plans by VOYA for administrative

services that effectively amount to recordkeeping services at an obviously unreasonable rate

compared to any of the many readily available market rates for such services. The Plans'

Sponsors also breached their fiduciary duty by allowing VOYA to increase the operating costs of

the funds by adding its unreasonable asset-based fee.

116.    VOYA knew of, facilitated, participated and prospered as a result of the Plans sponsors' breaches of their fiduciary duties.

117.    The Cornerstone Plan and the Plans have been harmed by the excessive fees paid to VOYA. VOYA has been unjustly enriched as a result of charging and receiving excessive fees to the Plans' participants in violation of 29 U.S.C. §§1108(b)(2) and §1106(a)(1)(C).

118.    VOYA is liable to the Cornerstone Plan and  the Plans enrolled with VOYA to provide retirement plan services for restitution or disgorgement of the excessive compensation it received.

## PRAYER FOR RELIEF

Plaintiff, on behalf of the Cornerstone Plan and the Plans, respectfully requests that the Court:

a.      Certify the Class, appoint Plaintiff as a class representative, and appoint Franklin D. Azar & Associates P.C., Chimicles & Tikellis LLP and Sherman & Howard L.L.C. as Class Counsel;

b.      Find and declare that VOYA breached its fiduciary duties to the Cornerstone Plan and the Plans by charging an excessive asset based fee. Find and declare that VOYA breached its fiduciary duties to the Cornerstone Plan and the Plans by creating and distributing false and misleading disclosures under Rule 404a-5 to conceal VOYA's excessive fees;

c.      Find and declare that VOYA is co-liable for any breaches of fiduciary duties by the Plans' Sponsors arising from creating and distributing false and misleading disclosures under Rule 404a-5

d.      Find and declare that VOYA charged excessive and unreasonable fees for recordkeeping services as described above irrespective of its fiduciary status;

e.      Order VOYA to pay restitution, disgorge or otherwise make good to the Plans all losses to the Plans resulting from the excessive fees charged, and to otherwise restore the Plans to the position they would have occupied but for the violations of 29 U.S.C. §1108(b)(2) and 29 USC § 1106(a)(1)(C) by VOYA;

f.      Determine the method by which the Plans' losses should be calculated;

g.      Order VOYA to provide all accountings necessary to determine the amounts VOYA must make good to the Plans;

h.      Surcharge against VOYA and in favor of the Plans all amounts involved in any transactions which such accounting reveals were improper, excessive and/or in violation of ERISA;

i.      Award to the Plaintiff and the Class their reasonable attorney's fees, expert witness fees and costs under 29 U.S.C. §1132(g)(1) and the common fund doctrine;

j.      Order the payment of pre- and post- judgment interest; and

k.      Grant other equitable or remedial relief as the Court deems appropriate including restitution of the undisclosed excessive and unreasonable fees charged by VOYA and an injunction to bar VOYA from the wrongful conduct alleged herein or from enforcing its rights under existing Contracts with the Plans.

Dated: January 4, 2018                          **CHIMICLES & TIKELLIS LLP**

                                                */s/Pamela S. Tikellis*
                                                Pamela S. Tikellis (#2172)
                                                Robert J. Kriner, Jr. (#2546)
                                                Vera G. Belger (#5676)
                                                222 Delaware Avenue, Suite 1100

P.O. Box 1035
Wilmington, DE 19899
(302) 656-2500

Steven A. Schwartz (admitted *pro hac vice*)
Chimicles & Tikellis LLP
361 West Lancaster Avenue
One Haverford Center
Haverford, PA 19041

**FRANKLIN D. AZAR & ASSOCIATES P.C.**
Franklin D. Azar
H. Zachary Balkin
Paul R. Wood
Keith Scranton
Jonathan S. Parrott
14426 E. Evans Ave.
Aurora, CO 80014
(303) 900-5595

**SHERMAN & HOWARD L.L.C.**
Gordon W. Netzorg
633 17th St. Suite 3000
Denver, CO 80202
(303) 297-2900

*Attorneys for Plaintiff*