IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON GOETZ, on behalf of the
Cornerstone Pediatric Profit Sharing
Plan and as representative of a class
of all other similarly situated
individual account retirement plans,

            Plaintiff,

            v.

VOYA FINANCIAL, INC. and
VOYA RETIREMENT
INSURANCE AND ANNUITY
COMPANY,

            Defendant.

Civil Action No. 17-1289-CFC

---

Robert J. Kriner, Jr., Vera G. Belger, CHIMICLES & TIKELLIS LLP, Wilmington,
Delaware; Steven A. Schwartz, CHIMICLES & TIKELLIS LLP, Haverford,
Pennsylvania; Franklin D. Azar, H. Zachary Balkin, Paul R. Wood, Jonathan S.
Parrott, FRANKLIN D. AZAR & ASSOCIATES P.C., Aurora, Colorado; Gordon W.
Netzorg, SHERMAN & HOWARD L.L.C., Denver, Colorado

    *Counsel for Plaintiff*

Patricia R. Urban, PINCKNEY, WEIDINGER, URBAN & JOYCE LLC, Greenville,
Delaware; James F. Jorden, Waldemar J. Pflepsen, Jr., W. Glenn Merten, FAEGRE
DRINKER BIDDLE & REATH, Washington, District of Columbia

    *Counsel for Defendants*

## MEMORANDUM OPINION

February 4, 2020
Wilmington, Delaware

COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Plaintiff Sharon Goetz filed this putative class action on behalf of the Cornerstone Pediatric Profit Sharing Plan (the Plan) and all other similarly situated individual account retirement plans. D.I. 1. The Plan is a defined contribution, individual account, employee pension benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* D.I. 22 at ¶ 17. Defendants Voya Financial, Inc. and Voya Retirement Insurance and Annuity Company (collectively, "Voya") provide recordkeeping services to the Plan. D.I. 22 at ¶ 5.

Goetz alleges four claims for relief. First, Goetz alleges that Voya breached its fiduciary duty under 29 U.S.C. § 1104(a)(1) by charging excessive fees. D.I. 22 at ¶¶ 86–90. Second, Goetz alleges that Voya breached its fiduciary duty under § 1104(a)(1) by making false and misleading statements about its fees in its "Rule 404a-5 disclosures" that are required by 29 C.F.R. 2550.404a-5. D.I. 22 at ¶¶ 91–97. Third, Goetz alleges that Voya is liable for breaches of fiduciary duty by co-fiduciaries under 29 U.S.C. § 1105(a)(2). D.I. 22 at ¶¶ 98–105. Fourth, Goetz alleges that, even if Voya is not a fiduciary, Voya's unreasonable compensation for its recordkeeping services makes it liable as a "party in interest" for a "prohibited

transaction" between Voya and the Plan under 29 U.S.C. §§ 1106(a)(1)(C) and 1108(b)(2). D.I. 22 at ¶¶ 106–118.

Voya has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Goetz's Amended Complaint for failure to state a claim. D.I. 25.

## I.   BACKGROUND[1]

Goetz is a participant in the Plan, which was established and maintained under 29 U.S.C. §§ 1002(2)(A) and 1002(34) for the benefit of employees of Cornerstone Pediatric Associates. D.I 22 at ¶¶ 1, 17. Benefits under the Plan are based on deferrals of employee compensation, employer matching contributions, and performance of investment options after fees and expenses. D.I. 22 at ¶ 19. The Plan has 19 participants and $2,797,616 in assets. D.I. 22 at ¶ 1.

The Plan retained Voya to provide administrative and recordkeeping services to the Plan pursuant to a group annuity contract (the Contract). The Plan also used Voya to prepare and deliver the Rule 404a-5 disclosures. D.I. 22 at ¶ 46.

For the services it provides the Plan, Voya charges a maintenance fee of $15 to $30 per participant per year. D.I. 22 at ¶ 34. Voya also charges an asset-based fee, referred to in the Contract as a "Daily Asset Charge." D.I. 22 at ¶¶ 35–37; D.I.

---

[1] In considering Voya's motion to dismiss, I accept as true all factual allegations in the Amended Complaint and view those facts in the light most favorable to Goetz. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

26, Ex. A at Specifications.[2] The Daily Asset Charge varies by the level of plan services provided and the total value of the assets held under the Contract and certain other related contracts. D.I. 26, Ex. A at Specifications, §§ 4.09, 2.01, 2.02. The Contract sets forth a schedule for the Daily Asset Charge based on Total Account Value:

| Total Account Value | Daily Asset Charge |
|---|---|
| Less than $200,000 | 1.25% |
| $200,000 but less than 400,000 | 1.20% |
| $400,000 but less than $1 million | 1.15% |
| $1 million but less than $2.5 million | 0.95% |
| $2.5 million but less than $5 million | 0.80% |
| $5 million and above | Custom Priced |

D.I. 26, Ex. A at Specifications. Under the Contract, the Daily Asset Charge may be reviewed and adjusted (up or down) no more than once a year and no fewer than once every two years "in accordance with [Voya's] existing administrative practice[] to reflect changes in the account value." D.I. 26, Ex. A at Specifications.

---

[2] I consider the Contract (D.I. 26, Ex. A) as part of the pleadings because Voya attached the Contract to its motion to dismiss, the Contract is central to Goetz's claims, and the parties do not dispute the Contract's authenticity. *See Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.)*, 768 F.3d 284, 290–91 (3d Cir. 2014).

3

The Contract also provides a list of Daily Asset Charge Adjustments for each fund in which the Plan invests. D.I. 26, Ex. A at Specifications. The Daily Asset Charge Adjustments range from -0.10% to 0.70%. D.I. 26, Ex. A at Specifications. These fund-specific adjustments are subject to change at any time. D.I. 26, Ex. A at Specifications.

## II. LEGAL STANDARD

To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiffs. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). "[D]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the

claim." *Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co.*

*(U.S.A)*, 768 F.3d 284, 291 (3d Cir. 2014) (quotation marks and citations omitted).

## III.   ANALYSIS

### A.   The Fiduciary Duty Claims

A person is a fiduciary of a benefit plan if he is named in the written

instrument that creates the plan.  *See* 29 U.S.C. § 1102(a).  A person can also be a

fiduciary of a benefit plan if:

> (i) he exercises any discretionary authority or
> discretionary control respecting management of such
> plan or exercises any authority or control respecting
> management or disposition of its assets,
>
> (ii) he renders investment advice for a fee or other
> compensation, direct or indirect, with respect to any
> moneys or other property of such plan, or has any
> authority or responsibility to do so, or
>
> (iii) he has any discretionary authority or discretionary
> responsibility in the administration of such plan.  Such
> term includes any person designated under section
> 1105(c)(1)(B) of [title 29].

29 U.S.C. § 1002(21)(A).  In short, to be a fiduciary within the meaning of ERISA,

one must be "acting in the capacity of manager, administrator, or financial advisor

to a 'plan.'"  *Pegram v. Herdrich*, 530 U.S. 211, 222 (2000) (citing 29 U.S.C. §§

1002(21)(A)(i–iii).  This "functional fiduciary duty" (as opposed to the duties of a

formal fiduciary named in the plan) "is contextual—it arises only to the extent a

person acts in an administrative, managerial, or advisory capacity to an employee

benefits plan." *Santomenno*, 768 F.3d at 291 (internal quotation marks and citation omitted). When an entity has been accused of violating a fiduciary duty, courts look to whether "the entity is a fiduciary with respect to the particular activity in question[.]" *Renfro v. Unisys Corp.*, 671 F.3d 314, 321 (3d Cir. 2011) (internal quotation marks and citation omitted). That is, courts look to "the extent that [an entity] exercises any discretionary authority or discretionary control respecting management of the plan, or has any discretionary authority or discretionary responsibility in the administration of the plan." *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996) (citing ERISA § 3(21)(A)) (internal quotation marks omitted).

Goetz first alleges that Voya breached its fiduciary duties by charging excessive fees. *See* D.I. 22 at ¶¶ 86–90. But "a party does not act as a fiduciary with respect to the terms in the service agreement if it does not control the named fiduciary's negotiation and approval of those terms." *Renfro*, 671 F.3d at 324 (internal quotation marks and citations omitted). The fees Voya charges the Plan and its participants were set in the Contract. At the time the fee schedules were proposed, Voya had no relationship with the Plan or its participants and could not have been a fiduciary.

Goetz attempts to save its argument by asserting that because Voya can charge different Daily Asset Charges over the lifetime of the Plan Voya has discretion over the Plan and is therefore a fiduciary. But the Contract contradicts

6

this assertion. The Daily Asset Charge is set by a schedule the Plan agreed to in the Contract, and the only changes to Daily Asset Charge occur based on the total asset value of the Plan.

Finally, Goetz argues that because Voya had discretion to choose the Plan's investment options and each option came with a different, potentially fluctuating, Daily Asset Charge adjustment, Voya acted as a fiduciary when it put that menu of options together. The Third Circuit rejected this same theory in *Santomenno ex rel. John Hancock Trust. v. John Hancock Life Insurance Co. (U.S.A.)*, 768 F.3d 284 (3d Cir. 2014). In that case the plaintiffs argued that the defendant acted as a plan fiduciary when it put together a menu of investment options and was therefore liable for the excessive fees that accompanied some of those options. *Santomenno*, 768 F.3d at 295. The Third Circuit held that this "argument is foreclosed" by multiple Third Circuit precedents and that it was "clear that [the defendant] [was] not a fiduciary with respect to the manner in which it composed the [menu of investments], including its selection of investment options and the accompanying fee structure." *Id.* In the Third Circuit's words "fund selections and expense ratios are product design features of the type that . . . do not give rise to a fiduciary duty[;]" and "a service provider owes no fiduciary duty with respect to the negotiation of its fee compensation." *Id.* (internal quotation marks and citations omitted). Bound by *Santomenno*, I conclude that Voya was not a fiduciary by

7

virtue of choosing the Plan's investment options. And because Voya was not a fiduciary of the Plan with respect to the fees, it cannot be liable for breach of fiduciary duties for charging excessive fees.

Goetz also alleges that Voya is liable for breach of fiduciary duties by providing "false and misleading" Rule 404a-5 disclosures. D.I. 22 at ¶ 96. Voya's Rule 404a-5 disclosures include the "total gross annual operating expenses" and the "total net annual operating expenses" for each fund represented as percentages. *See* D.I. 14 at ¶ 59. For example, the 404a-5 disclosure reproduced in the Amended Complaint stated that the total net annual operating expenses for Vanguard VIF – Equity Income Port was 2.16%. D.I. 14 at ¶ 59. But this figure did not represent just the operating expenses for the Vanguard VIF – Equity Income Port fund. Instead it represented the combination of the operating expenses for Vanguard VIF – Equity Income Port (which were 0.27%) and Voya's asset-based fees (which were 1.49%). Goetz's theory is that by combining the funds' operating expenses with Voya's fees rather than listing them separately Voya is misleading the beneficiaries into thinking that the combined number only represents the operating cost of the fund.

Voya argues that it is not a fiduciary because preparing 404a-5 disclosures is a purely ministerial function. But the Amended Complaint alleges that "VOYA maintains discretion to determine the contents of the disclosures to Plan

participants required by ERISA including the fee disclosures required by ERISA and in fact prepares and distributes the disclosures to Plan participants." D.I. 22 at ¶ 33. Because Goetz has alleged that Voya prepares and delivers the disclosures to plan participants and has discretionary authority to determine the contents of the disclosures, Goetz has properly alleged that Voya is a fiduciary with respect to the 404a-5 disclosures.

Voya next argues that even if it is a fiduciary, its disclosures satisfy the requirements of 404a-5 and thus it has satisfied its fiduciary duties pertaining to the 404a-5 disclosures. *See* D.I. 26 at 11–13. But breach of fiduciary duties does not turn on whether the disclosure satisfies rule 404a-5. The Third Circuit has explained that although ERISA "articulates a number of fiduciary duties, it is not exhaustive." *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 227 (3d Cir. 2009) (quotation marks and citation omitted). "Rather, Congress relied upon the common law of trusts to define the general scope of trustees' and other fiduciaries' authority and responsibility." *Bixler v. Cent. Penn. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1299 (3d Cir. 1993) (quotation marks and citation omitted). Among the common-law duties incorporated into ERISA is the duty to disclose material information, which "entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that

silence might be harmful." *Id.* at 1300. There are four elements to a claim for

breach of fiduciary duty based on a misrepresentation or omission:

> (1) the defendant was "acting in a fiduciary capacity";
>
> (2) the defendant made "affirmative misrepresentations or failed to adequately inform plan participants and beneficiaries";
>
> (3) the misrepresentation or inadequate disclosure was material; and
>
> (4) the plaintiff detrimentally relied on the misrepresentation or inadequate disclosure.

*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d at 228. Although

compliance with 404a-5 is relevant to this inquiry, compliance is not dispositive.

Finally, at oral argument counsel for Voya quoted *Hecker v. Deere & Co.*,

556 F.3d 575, 586 (7th Cir. 2009) for the proposition that "[t]he total fee, not the

internal, post-collection distribution of the fee, is the critical figure for someone

interested in the cost of including a certain investment in her portfolio and the net

value of that investment." Hrg. Tr. at 10 (Jan. 28, 2020). First, a Seventh Circuit

opinion does not bind me. And second, I disagree with its conclusion.

"[A] misrepresentation is material if there is a substantial likelihood that it

would mislead a reasonable employee in making a decision regarding his benefits

under the ERISA plan." *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 73 (3d

Cir. 2001). There is a substantial likelihood an employee looking at these

disclosures would think the listed fees were paid only to the listed funds as opposed to the listed funds and Voya. If that were the case, then the employee would be unlikely to complain about Voya's fees to her trustee and advocate for a change in service provider, because she would not realize how much Voya was charging her. Accordingly, Plaintiffs have at least established materiality to the degree required to survive a motion to dismiss. *Compare Fischer v. Philadelphia Elec. Co.*, 994 F.2d 130, 135 (3d Cir. 1993) ("Summary judgment on the question of materiality is appropriate only if reasonable minds cannot differ.")

In sum, I find that Goetz has sufficiently pleaded a breach of fiduciary duties claim with respect to the 404a-5 disclosures.

Finally, Goetz alleges that Voya is liable for breach of co-fiduciary duties by charging excessive fees and providing "false and misleading" disclosures that violate Rule 404a-5. To be liable for a claim of breach of co-fiduciary duties, one must be a fiduciary. *See* 29 U.S.C. § 1105(a) ("In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary . . .") (emphasis added). Because Voya was not a fiduciary with respect to the fees charged under the Contract, Voya cannot be liable for breach of co-fiduciary duties for excessive fees. Goetz has, however, properly alleged that Voya was a fiduciary with respect to the 404a-5 disclosures and has, therefore,

11

properly alleged a claim for breach of co-fiduciary duties with respect to the disclosures.

## B.     Party-in-Interest Claim

Goetz's fourth and final claim for relief is that Voya is a party in interest within the meaning of ERISA and violated 29 U.S.C. § 1108(b)(2) by charging an unreasonable fee for services. 29 U.S.C. § 1108(b)(2) provides that the prohibitions listed in 29 U.S.C. § 1106 shall not apply to "[c]ontracting or making reasonable arrangements with a party in interest for office space, or legal, accounting, or other services necessary for the establishment or operation of the plan, if no more than reasonable compensation is paid therefor." 29 U.S.C. § 1108(b)(2). The parties agree that to state a claim under 29 U.S.C. § 1108(b)(2) Goetz must first allege that Voya was a party in interest. *See* D.I. 26 at 15; D.I. 28 at 14–15. They further agree that Voya was not a party in interest prior to entering the Contract. *See* Plaintiff's Brief, D.I. 28 at 14 ("VOYA has been providing administrative and recordkeeping services to the Cornerstone Plan since November 2003 and is thus a party in interest with respect to any actions it took since entering into the contact [sic]." ) (emphasis added). Because Voya was not a party in interest when it negotiated the Contract—including the fee schedules—Voya cannot be held liable under § 1108 for charging excessive fees.

## IV. CONCLUSION

For the foregoing reasons, I will grant Voya's motion to dismiss insofar as it seeks dismissal of Goetz's claim for breach of fiduciary duties for charging excessive fees, Goetz's claim for breach of co-fiduciary duties for charging excessive fees, and Goetz's party-in-interest claim. I will deny the motion insofar as its seeks dismissal of Goetz's claim for breach of fiduciary duties for providing "false and misleading" Rule 404a-5 disclosures or dismissal of and Goetz's claim for breach of co-fiduciary duties for providing "false and misleading" Rule 404a-5 disclosures.

The Court will issue an order consistent with this Memorandum Opinion.